IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DONNA MARIE HANSEN,**

Plaintiff,

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of the Social Security Administration,

Defendant.

**Civ. No. 6:13-cv-00612-MC**

**OPINION AND ORDER**

MCSHANE, Judge:

Plaintiff Donna Marie Hansen brings this action for judicial review of the Commissioner's decision denying her application for a period of disability and disability insurance benefits (DIB) under the Social Security Act (Tr. 273-89). This court has jurisdiction pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff seeks an Order reversing the decision of the Commissioner and remanding the action to the Social Security Administration for an award of benefits. For the following reasons, the Commissioner's decision is **REVERSED** and remanded for a finding of disabled under sections 216(i) and 223(d) of the Social Security Act, with payment of DIB benefits as of the alleged onset date of July 10, 2006 through December 31, 2011, the date last insured.

## PROCEDURAL BACKGROUND

Plaintiff claims she was under a disability as defined by the Social Security Act from July 10, 2006, through December 31, 2011, the date last insured. Plaintiff's reported impairments include fibromyalgia, status post right breast lumpectomy, Chronic Fatigue Syndrome (CFS); somatoform disorder, insomnia, and other mental impairments (including depression, anxiety, and memory lapses). She expressed subjective symptoms of pain, fatigue and related mental symptoms arising from these conditions and impairments, both individually and as to their combined effect [#17 at pp.2-3].

Plaintiff filed her application for disability insurance benefits on October 11, 2006 (Tr. 80-84). Social Security issued its Notice of Denial on December 12, 2006 (Tr. 50-54). Plaintiff filed her Request for Reconsideration on January 30, 2007 (Tr. 55). Social Security issued its Denial of Reconsideration on April 24, 2007 (Tr. 56-58). Plaintiff filed her Request for Hearing on June 13, 2007 (Tr. 59). The hearing was held on February 4, 2009 (Tr. 18-47). The ALJ issued his unfavorable decision on February 17, 2009 (Tr. 8-17). Plaintiff submitted a Request for Review of the hearing decision on April 1, 2009 (Tr. 5-7). Plaintiff timely submitted arguments to the Appeals Council on October 16, 2009 (Tr. 176-191; see Tr. 159-175). On May 26, 2010, the Appeals Council denied Plaintiff's Request for Review and Reversal of the ALJ's Decision. (Tr. 1-4). Plaintiff timely requested Judicial Review. On July 6, 2011, Judge Marsh for the US District Court for the District of Oregon, reversed and remanded for further proceedings (Tr. 363-383). On September 30, 2011, the Appeals Council issued an order remanding the case to Administrative Law Judge for further proceedings consistent with the order of the Court (Tr. 384-386). On December 18, 2012, the hearing on remand was held before the ALJ (Tr. 296-318). On January 22, 2013, the ALJ issued another unfavorable decision on remand (Tr. 273-289). Again plaintiff timely requested judicial review.

## STANDARD OF REVIEW

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months" 42 U.S.C. § 423 (d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Commissioner*, 648 F.3d 721, 724 (9th Cir. 2011). The five steps proceed as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one or more of the specific impairments described in 20 C.F.R. Pt. 404, Subpart. P, App. 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof for the first four steps in the process. *Bustamante v. Massanari,* 262 F.3d 949, 953 (9th Cir. 2001); see also *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The Commissioner bears the burden of proof at step five of the process, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); see also 20 C.F.R. § 404.1566 (describing "work which exists in the national economy").

If the Commissioner fails to meet this burden, then the claimant is disabled. If, however, the Commissioner proves that the claimant is able to perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d at 953-54.

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

## DISCUSSION

The plaintiff argues that ALJ John Madden Jr. incorrectly interpreted Judge Marsh's remand Order dated July 6, 2011 (Tr. 364-383), and improperly rejected evidence from her treating physicians proving her disability. [#17 at pp. 5-7]. This court agrees.

Specifically, Judge Marsh ordered on remand that, "the Commissioner should follow the recommendations of Dr. Shields and Dr. Chua...and obtain further medical evidence as to whether plaintiff suffers from a Somatoform Disorder and/or any other mental impairment [to include depression, anxiety, and memory lapses], that in combination with her other impairments, precludes her from engaging in substantial gainful activity." (Tr. 382).

Instead of following this court Order and the recommendations of Dr. Shields and Dr. Chua to obtain further medical evidence, the ALJ merely reevaluated the existing record and made his own independent lay medical findings using inferences. He then also discredited the plaintiff's testimony without providing clear and convincing reasons for doing so.

It has been clearly established that an ALJ may only disregard the controverted opinion of a treating physician by setting forth specific and legitimate reasons that are supported by substantial evidence in the record. *Connett v. Barnhart,* 340 F.3d, 871, 874 (9th Cir. 2003). Judge Marsh was unable to find the required substantial evidence within the ALJ's first unfavorable decision (Tr. 382), and so he ordered the remand. This court is also unable to locate the substantial evidence required for discrediting the opinions of Dr. Said, Dr. Dryland, or Dr. Wilson in *either* of the ALJ's unfavorable opinions (Tr. 8-17 and 273-289).

Dr. Dryland was the plaintiff's treating rheumatologist. The ALJ improperly rejected Dr. Dryland's assessment and diagnosis of the plaintiff as "based solely on the claimant's subjective reports." (Tr. 287). What is actually subjective is the ALJ's opinion that Dr. Dryland made a diagnosis based only on what the plaintiff told him instead of his own clinical observations. Rheumatologists are the relevant specialists for evaluating disability claims based on fibromyalgia. There is nothing in the record to indicate that Dr. Dryland did not reach his own conclusions based on his own observations and expertise.

Dr. Wilson was the plaintiff's treating physician for her Chronic Fatigue Syndrome and/or Fibromyalgia with severe fatigue. The ALJ improperly rejected Dr. Wilson's assessment of the plaintiff when the ALJ inferred that the doctor's assessment "must be based on a self-diagnosis because there is no evidence that the claimant [plaintiff] had been assessed for this specifically by a doctor." (Tr. 284). The plaintiff had in fact been assessed by multiple doctors including a rheumatologist (Dr. Dryland) who diagnosed her with fibromyalgia causing fatigue, and her primary care physician (Dr. Said) who diagnosed her with Chronic Fatigue Syndrome. Therefore, Dr. Wilson's confirmation and multiple diagnoses for Chronic Fatigue Syndrome should have been credited and considered by the ALJ.

Dr. Said was the plaintiff's primary care physician (since 2003) who initially diagnosed her Chronic Fatigue Syndrome. Dr. Said is a Doctor of Naturopathic Medicine and a Doctor of Chiropractic Medicine. The ALJ refers to Dr. Said as "Mr." when summarily rejecting his Chronic Fatigue Syndrome diagnosis of the plaintiff because, "Mr. Said is not a physician and is therefore not an acceptable medical source for the purposes of diagnosis. Since the record does not document a diagnosis of Chronic Fatigue Syndrome from an acceptable medical source, the condition is not considered "severe" for the purposes of this adjudication." (Tr. 14).

This court prefers to refer to Dr. Said as "Dr." instead of "Mr." because in Oregon naturopathic physicians can be licensed as primary care physicians with diagnostic and prescriptive rights. Regardless of semantics, the ALJ erred by rejecting the opinion of Dr. Said. As Judge Marsh pointed out in his Opinion & Order, 20 C.F.R. § 404.1513(d) does in fact allow the ALJ to consider evidence from non-acceptable medical sources "to show the severity of an impairment and how it affects a claimant's ability to work." (Tr. 381). So at a minimum the ALJ erred by rejecting the opinion of Dr. Said in regards to the severity of the plaintiff's impairment.

The ALJ also erred in discrediting the plaintiff's credibility by failing to give clear and convincing reasons for rejecting or questioning it in his first decision and in reevaluating it in his second decision. The plaintiff was never accused of malingering by any of her treating or examining physicians, yet the ALJ thought her described symptoms were not supported by medical evidence. This court agrees with the Plaintiff's interpretation of Judge Marsh's Opinion & Order (Tr. 382), in that it did *not* order the ALJ to reevaluate the plaintiff's credibility [#17 at p. 29]. But even if it did, courts have found that credible excess pain testimony can exist without objective medical findings that support the existence of the degree of pain alleged. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.1989).

Finally, the ALJ also erred by not crediting the testimony of the plaintiff's mother in regards to her observations of the extent of plaintiff's fatigue and side-effects of medications. Judge Marsh concluded that "the ALJ did not give a germane reason for rejecting the lay evidence offered by plaintiff's mother." (Tr. 380). This court agrees with Judge Marsh's conclusion and has not been convinced by the original arguments for rejecting the testimony in the ALJ's first decision, nor the re-interpretations provided in the ALJ's second decision. However, in the totality of the circumstances this is a minor issue and does not warrant a full discussion here.

The Court has the option to remand for further administrative proceedings with an order to correct the deficiencies; or, if the court finds the record adequate to support a finding of disability without the need for further proceedings, to reverse and remand for payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (cert. denied, 531 U.S. 1038 (2000)); *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (1996). A remand for award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). A remand for award of benefits is also appropriate when a claimant would be disabled if the medical opinions and/or the claimant's testimony were credited, and no purpose would be served by remanding for further proceedings. In these instances, the reviewing Court may credit the improperly rejected medical opinions and testimonial evidence as true, reverse and remand for payment of benefits. *Vasquez v. Astrue*, 572 F.3d 586, 593, 594, 598 (9th Cir. 2009) (petition for en banc review denied, id. at 590); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the court cannot see any useful purpose of ordering yet another remand. This is especially true in light of the ALJ's failure to follow the directive of the first remand. The record is sufficiently developed to support a finding of disability warranting a remand for immediate payment of benefits.

## CONCLUSION

For these reasons, the Commissioner's decision is **REVERSED** and remanded for a finding of disabled under sections 216(i) and 223(d) of the Social Security Act, with payment of benefits as of the alleged onset date of July 10, 2006.

IT IS SO ORDERED.

DATED this 8th day of September, 2014.

Michael J. McShane
United States District Judge